# NEWPORT COUNTY.

JOHN ALFRED HAZARD, Appellant, *vs.* THE TOWN COUNCIL OF MIDDLETOWN.

An appeal from a town council order opening a highway was taken to the Court of Common Pleas and tried to a jury. After verdict, but before judgment, the town council passed a resolution discontinuing all proceedings relative to the highway, which resolution was afterwards revoked.

*Held,* that the resolution had no effect on the appeal.

Under Gen. Stat. R. I. cap. 59, § 3, the justice of the peace and constable who accompany a committee of lay-out are ministerial attendants, and their absence does not affect the validity of the committee's action.

In an appeal under Gen. Stat. R. I. cap. 59, § 11, the appellant may introduce evidence to show that the committee of lay-out was not composed of "suitable and indifferent men," and for this purpose he is not confined to the cross-examination and contradiction of the members of the committee.

In such an appeal all the proceedings are before the Court of Common Pleas for adjudication *de novo;* hence the controlling motives of the town council are in the trial of the appeal irrelevant and immaterial.

In such an appeal the jury decides whether the highway is "necessary." This means reasonably necessary, the cost and the utility both being considered: hence the presiding judge properly refused to instruct the jury to find the highway not necessary if its cost exceeded "the compensating benefit" to the public, or if a part of the cost was to be defrayed by private parties.

EXCEPTIONS to the Court of Common Pleas.

The town council of Middletown, by decrees made December 15, 1873, and January 19, 1874, under Gen. Stat. R. I. cap. 59, ordered the lay-out of a highway which passed over certain land of John Alfred Hazard. Hazard appealed to the Court of Common Pleas from all and singular the orders, decrees, and doings of the town council relative to this highway and from all and singular the doings of the committee, or the three men appointed to mark out the highway and to appraise the damage sustained by owners of the land over which it passed. This appeal was tried before a jury at the November Term of the Court of Common Pleas, A. D. 1874. The jury found that the road as laid out was necessary, and assessed the appellant's damages at one hundred dollars.

During the trial the appellant reserved several exceptions to the rulings of the presiding judge. These· exceptions are given in substance below.

April 19, 1875. The town council of Middletown " resolved that all and singular the proceedings, whether in or before this council, the Court of Common Pleas, the Supreme Court, or elsewhere relative to the laying out and establishing " this highway, " be and the same hereby are discontinued and abandoned."

August 21, 1875. The town council of Middletown revoked its resolution of April 19, 1875. At the May Term of the Court of Common Pleas, A. D. 1878, and before judgment had been entered on the verdict of 1874, the appellant moved for an arrest of judgment, supporting his motion by the vote of the town council of Middletown of April 19, 1875. The presiding judge refused this motion and the appellant excepted. The appellant also moved for judgment in his favor, supporting his motion by the same vote. The presiding judge refused this motion and the appellant excepted. The appellant also protested against any judgment confirming the acts or decrees appealed from, supporting his protest by the same vote. The presiding judge overruled this protest and the appellant excepted. These exceptions, together with those previously reserved, were heard at the September Term of the Supreme Court, A. D. 1878. The previous exceptions taken at the jury trial in the Court of Common Pleas, November Term, A. D. 1874, are substantially :

1. It did not appear in the report of the committee of lay-out &c., to the town council, that the committee was accompanied by the town sergeant and a justice of the peace, Gen. Stat. R. I. cap. 59, § 3. The presiding judge allowed the committee to amend the copy of its report certified to, and filed in the Court of Common Pleas, by adding a statement that it was accompanied by these officers when it made the lay-out. This amendment was made against the objection of the appellant and he excepted to its allowance.

2. The appellant excepted to the amendment as bad in form, even if permissible in case it was properly drawn.

3. The appellant offered to show that one of the committee of lay-out was not a " suitable and indifferent man." Gen. Stat. R. I. cap. 59, § 2. On the objection of the appellee the presiding judge excluded evidence to this effect, ruling that the disqualification of the committee could be shown only by cross-examination of its members and by contradicting them under the rules con-

trolling cross-examination and contradiction for the purpose of impeaching the credit of a witness. To this ruling the appellant excepted.

4. The appellant called another of the committee as a witness to show by his evidence that he solicited signatures to a petition addressed to the town council, praying that the highway might be laid out, and was therefore not a " suitable and indifferent man." On the objection of the appellee the presiding judge excluded the evidence, and the appellant excepted.

5. The appellant called the town council clerk to show by his evidence as to statements made by members of the council while in session that the lay-out of the highway was only colorably a public improvement, and really for the benefit of private persons, one of whom had promised to construct the highway for a fixed sum and to hold the town secured against further expense. On the objection of the appellee the presiding judge ruled that, while such facts, if proved, would invalidate the proceedings of the town council, yet that the order of the lay-out was the act of the council, and the acts of the council could be proven only by its record, and the appellant excepted.

6. The appellant requested the presiding judge to instruct the jury that if it should find the expense of construction and maintenance of the highway to be greater than the compensating benefit to the public, its verdict should be that the highway was not necessary. This instruction was refused, and the appellant excepted.

7. The appellant requested the presiding judge to instruct the jury that if the town council found it inexpedient to appropriate sufficient money from the town funds to construct the highway, the verdict should be that the highway was not necessary. This request was refused, and the appellant excepted.

8. The appellant requested the presiding judge to instruct the jury that if the town council had attempted to lay out a highway too costly for the town finances and on condition that a large part of the expense should be borne by private persons from their private funds, its verdict should be that the highway was not necessary. This instruction was refused, and the appellant excepted.

*Providence, November* 9, 1878. DURFEE, C. J. The bill of

exceptions presents several questions which we will consider in the order in which they are discussed on the appellant's brief.

We think the proceeding cannot be held to have come to an end or to have been discontinued by force of the resolution of the town council of Middletown passed April 19, 1875, and filed in court April 21, 1875; though that might perhaps have been the result, if the resolution had been passed and filed before trial and verdict. *De Wolf* v. *Sprague Manuf. Co. ante,* p. 133. Under our statute a party has no right to discontinue or become nonsuit even before verdict, after the trial to the jury has begun, without the permission of the court, and *a fortiori* not after verdict. Gen. Stat. R. I. cap. 202, § 6. So far as appears the attention of the court below was not called to the resolution of April 19 until after it had been revoked. We think the court then very properly refused to allow it to have any effect upon the proceeding.

We do not think it was essential to the validity of the proceeding that the committee appointed to mark out the proposed highway should be accompanied by a justice of the peace and a constable or town sergeant named in the appointing order as provided for by Gen. Stat. R. I. cap. 59, § 3. Under the statute, those officers have nothing whatever to do except to accompany the committee, and therefore, if the committee sees fit to dispense with their company we do not see how the land owners are prejudiced. They are merely attendants, useful to preserve order and to assist the committee ministerially in the execution of its office, though not necessarily participant, even ministerially, and consequently no more indispensable to the committee than attendants of a court are to the court. In other words, we think the provision for their attendance is not imperative but simply directory, and this being so, the order of the court below allowing the committee to amend its report was entirely immaterial, doing the appellant no harm, and cannot be assigned for error. The first and second exceptions are therefore overruled.

The third and fourth exceptions raise the question whether the appellant was entitled under his appeal to object to the composition of the committee appointed to mark out the proposed highway on the ground that some of the members were not

" suitable and indifferent persons," or was concluded by the de-
cision of the town council.   We think he was entitled to make
the objection.   The statute directs the appointment of " three
suitable and indifferent persons."   It is important that they
should be " suitable and indifferent," for they have important
duties, judicial as well as ministerial, to perform.   They have
not only to mark out the highway and cause a plat of it to be
made, but to " take care to lay it in such manner as may be
most advantageous to the public, and as little as may be to the
injury of the owners of the land through which it passes," and
to agree, if they can, with the owners of the land for the dam-
ages.   The land owners are therefore manifestly interested in
having them " suitable and indifferent."   And the appeal given
by the statute is not confined to particular orders, but extends
generally to the doings of the committee or town council, so that
the entire proceeding may be brought up for re-adjudication on
its merits, including every substantive order made by the town
council.   In the case at bar the appeal was taken to " all and
singular the orders, decrees, and doings of the town council,"
and one of the reasons assigned for the appeal was that the
" committee were not suitable and indifferent persons as required
by law."   We think that under this appeal, the testimony offered
as set forth in the third and fourth exceptions should have been
admitted, and consequently, that the exceptions taken because it
was excluded should be sustained.

The fifth exception must be overruled.   The proceeding hav-
ing been carried up to the Court of Common Pleas by appeal,
was there for adjudication *de novo* upon all the questions of fact
which were opened by the appeal, and therefore any testimony
relating to the motives which influenced the town council in
their decision was inadmissible for irrelevancy, the question for
the jury being not whether the highway was necessary in the
opinion of the town council, but whether it was necessary in
point of fact.   *Hunter* v. *Mayor & Aldermen of Newport*, 5 R.
I. 325.

The sixth exception is for the refusal of the court to in-
struct the jury that if the cost of making and maintaining the
highway would not be compensated by the benefits which the
public would derive from it, they should declare it unnecessary.

Undoubtedly it was proper for the jury in deciding upon the necessity of the proposed highway to consider whether its cost would not exceed its value, and undoubtedly, if they found it would, they might consider it a reason for declaring the highway unnecessary. But if the court explained, as we presume it did explain to the jury, that " necessary " means " reasonably necessary," the cost as well as the benefit being considered, we are not satisfied that it was error to refuse the instruction; for the jury might easily have been misled by it, inasmuch as the cost comes out of the town and the benefits accrue to the public at large, and it is not easy to compare the one with the other and say when the cost to the town would be *compensated* by the benefits to the public.

The exception is exclusively for the refusal. It is not pretended that the court did not fully instruct the jury on this point in all other respects, or that there was any error in the instructions actually given. The sixth exception is therefore overruled.

The seventh and eighth exceptions are overruled. It does not appear that there was any testimony before the jury to which the instructions requested would have been applicable; but if there was any, the instructions were still properly refused, such testimony being, as we have seen, irrelevant to any issue which the jury had to determine.[1]

All exceptions except the third and fourth are overruled. The third and fourth are sustained and the proceeding is remitted to the Court of Common Pleas for a new trial.

*Abraham Payne & Francis B. Peckham, Jr.*, for appellant.
*William P. Sheffield*, for appellee.

---

[1] And see *Watson* v. *The Town Council of South Kingston*, 5 R. I. 562.